# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RUBYE L. HARRINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-14-930-R |
| | ) | |
| **OKLAHOMA CITY PUBLIC** | ) | |
| **SCHOOLS, et al.,** | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by Defendant Oklahoma Teachers' Retirement System ("OTRS"). (Doc. No. 10). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

OTRS argues that Plaintiff has failed to plead a jurisdictional basis for her claims and further that she has failed to sufficiently allege facts as to support any claim against OTRS. Defendant also contends Plaintiff has failed to exhaust the administrative remedies provided in Okla. Admin, Code § 715-1-1-10 and Oklahoma Statute tile 70 § 17-106.4.

In response Plaintiff argues that she sufficiently alleged that Defendant OTRS violated her civil rights, and that any such deprivation did not require her to exhaust her administrative remedies.

With regard to Defendant's contention that Plaintiff has not pled a jurisdictional basis for filing this action in federal court, Plaintiff has cited to 42 U.S.C. § 1983, which would apply to any actions taken by Defendant OTRS, which admits it is an agency of the State.

However, Plaintiff has not sufficiently alleged facts to support any type of claim against OTRS. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563 (citations omitted). For the purpose of making the dismissal determination, the Court must accept all the **well-pleaded** allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir.2013)(emphasis added).

Beyond identifying OTRS as a defendant in the body of the complaint and noting that she received an unrequested printout from OTRS showing her benefits if she retired at age 75, she only alleges that OTRS conspired and worked in collusion to protect Defendant VanTrease. Complaint, p. 15. This is wholly insufficient to meet Plaintiff's burden, and although she is *pro se*, the Court cannot craft her arguments for her. Plaintiff must allege facts in support of her conclusory allegations, and she has failed to do so. Defendant OTRS's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED this 13th day of January, 2015.

DAVID L. RUSSELL  
UNITED STATES DISTRICT JUDGE