# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUBYE L. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-930-R |
| | ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS, et al., | ) ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants Independent School District No. 89 of Oklahoma County, Oklahoma (the District), and employees, Karl Springer, Charles Tompkins, Tim Bailey, Janice Deann Davis and Vanessa VanTrease. (Doc. No. 29). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, and granting Plaintiff's filings liberal construction in light of her *pro se* status, the Court finds as follows.

Plaintiff was employed by the District as a special education teacher and filed this action alleging a number of claims against various defendants, including claims for the violation of her constitutional rights, conspiracy to violate her rights because of her race, violation of Title VII and the ADEA, retaliation, and state law claims.

In considering a motion under Rule 12(b)(6), the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555, 570 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citations omitted). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir.2013).

Plaintiff has sued the District and the above-named employees in their "professional" capacities. Suits against the employees in their professional, or official capacities, are the same as suit against the District, thus the claims against the employees in their professional capacities are hereby dismissed. *See Griess v. Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988); *Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 537 (2003).

The District further contends it is entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claim, because Plaintiff has failed to sufficiently allege that she was deprived of her constitutional rights by virtue of a custom or policy of the District, and the District cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. To hold a municipality, including a public school district, liable under § 1983, Plaintiff must allege that the actions taken "are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority." *Murrell v. Sch.*

*Dist. No. 1*, 186 F.3d 1238, 1249 (10th Cir.1999). "Absent such an official policy, a municipality may also be held liable if the discriminatory practice is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (internal quotation marks and citation omitted). In addition, Plaintiff must demonstrate that the policy or custom caused the alleged constitutional violations, and that the District acted with deliberate indifference. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir.2013).

First, as noted by Defendants, in Oklahoma the school board is the final policy maker for the district. Okla. Stat. tit. 70 § 5-117. Plaintiff makes no allegations regarding any policy or action of the School Board. Furthermore, there are insufficient allegations in the complaint to support a theory that there was a custom of violating civil rights, so as to support liability under such a theory. Accordingly the District is entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claim.

The individual Defendants also seek dismissal of Plaintiff's 42 U.S.C. § 1983 claims. The Court has reviewed the entire complaint and finds that Plaintiff fails to allege sufficient facts against Defendants Springer, Bailey, Tompkins, Davis or VanTease to support a claim under 42 U.S.C. § 1983. With regard to Defendants Springer, Bailey and Tompkins the allegations are virtually non-existent. Plaintiff alleges that Defendant Springer is the superintendent and that she made complaints to him with no feedback or corrective action.[1]

---

[1] At page 15 of the Complaint Plaintiff alleges:
This and all other complaints were reported to all levels of the organization . . . to Teacher Union, EEOC, to Superintendent, Springer, with no feedback or corrective actions by anyone. $1,000,000.00 should be the cost for each individual."

With regard to Defendant Bailey, Plaintiff alleges that she provided him with certain documents and certifications, but he ignored them. With regard to Defendant Tompkins, Plaintiff contends she sent him a letter on August 27, 2013, that Defendant VanTrease was trying to put Plaintiff's medical records on Facebook. The Court concludes that none of these allegations are sufficient to withstand a motion to dismiss by the individual Defendants with regard to Plaintiff's 42 U.S.C. § 1983 claim. With regard to Defendant Davis, Plaintiff alleges that Davis entered her classroom on August 24, 2012 and told her, in front of students, to get rid of boxes of material in her room. Plaintiff asserts this was degrading. She also alleges that Davis supported VanTrease in her attempts to make Plaintiff miserable. The Court finds these allegations insufficient to state a claim for violation of Plaintiff's civil rights, and therefore Defendant Davis is entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claim.

    The majority of Plaintiff's allegations against the District focus on Defendant VanTrease. Defendant Vanessa VanTrease was assigned as principal to Telstar, where Plaintiff taught, beginning in July 2012. Plaintiff alleges that she was not assigned an aide for her special education classroom and her room either lacked air conditioning, or the air conditioning did not work. She alleges that she sent VanTrease some sort of proposal for approval, but received no response. Plaintiff further alleges that on August 24, 2012, Ms. VanTrease accompanied Ms. Davis when Ms. Davis ordered Plaintiff to remove certain items from her classroom, and that when Plaintiff later complained to Defendant VanTrease regarding Ms. Davis' comments and the degrading manner in which Defendant Davis

4

addressed Plaintiff , Ms. VanTrease merely responded "It's management." Plaintiff alleges that Ms. VanTrease falsely accused her of having changed the category of a student on an individualized education plan, which is illegal. She also alleges that VanTrease wrongly told her staff to report any incident to her rather than the Department of Human Services, which for some issues is mandated by law, which later resulted in Plaintiff reporting an incident to the Department that she had reported to VanTrease, who apparently did not convey the information. She alleges that "VanTrease started an age and race discrimination practice by putting two black teachers into two different classrooms without (AC) air conditioning, 100 degrees temperature." Complaint, p. 11. She also alleges that VanTrease failed to provide her with an aide, and that when finally provided with one, the aide frequently missed work. She asserts that VanTrease would not move aside to let her pass, moving barely to avoid Plaintiff.

With regard to Plaintiff's 42 U.S.C. § 1983 claim, the Court finds that the single allegation that Plaintiff, who is black, and another black teacher lacked air conditioning during August and September 2012 is insufficient to plead a claim for the violation of Plaintiff's constitutional rights. The Court is unable to conceive how most of Plaintiff's allegations would relate to a civil rights action against Defendant VanTrease, and her single relevant factual allegation is not sufficient to state a claim. Accordingly, the individual Defendants are all entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claims.

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1985(c), which prohibits two or more persons from conspiring to deprive another of the equal protection of the laws. Plaintiff,

5

however, has failed to sufficiently allege facts to support the existence of a conspiracy against her as a result of her race or some other class-based invidiously discriminatory animus against her. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). As such, all movants are entitled to dismissal of Plaintiff's 42 U.S.C. § 1985 claims, and because those claims are subject to dismissal, Plaintiff's 42 U.S.C. § 1986 claims against the movants fail as well. *See Phillips v. Kerns*, 483 Fed.Appx. 400, 403 (10th Cir. 2012).

With regard to Plaintiff's Title VII and ADEA claims, both appropriately pursued only against the Oklahoma City Public School District, as there is no individual supervisory liability. *Haynes v. v. Williams,* 88 F.3d 898, 899 (10th Cir.1996); *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744(10th Cir.1999) (recognizing that Title VII, ADA and the ADEA all prohibit "employer" discrimination, and do not authorize personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definitions); see also 29 U.S.C. § 623(a). Defendant District further contends Plaintiff has failed to allege that she was subjected to an adverse action as required for either her Title VII race discrimination and retaliation claims. The Court agrees. Plaintiff does not allege that she was disciplined or terminated or otherwise subjected to an adverse employment action. Furthermore, her allegations regarding alleged racial discrimination and retaliation are too vague and conclusory to proceed. The allegations of race discrimination are limited to the allegations levied against Defendant VanTrease, and there is no allegation of protected activity followed by adverse action to support a retaliation claim. Accordingly, Plaintiff's Title VII claim against the District is hereby dismissed.

The District also argues that Plaintiff has failed to allege sufficient facts to support a claim for age discrimination. The only person about whom Plaintiff complains with regard to her age was an employee of the labor union Defendant, Ms. Patten. She does not, however, allege any evidence to support her theory that the District discriminated against her on the basis of her age. As such, Defendant District is entitled to dismissal of Plaintiff's ADEA claim.

Defendants also seek dismissal of any state law claims Plaintiff is seeking to pursue, arguing that she failed to plead compliance with the Oklahoma Governmental Tort Claims Act provisions for presentment of her claim and that the individual defendants cannot be held liable under the Act. The Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, *et seq*., governs actions against the state of Oklahoma and its political subdivisions. Section 156(B) of the Act requires that claims against the state or any subdivision be presented to the state or subdivision within one year after the loss occurs. Plaintiff does not allege that she made any such claim, nor does she dispute Defendant's contention that she failed to serve such notice. As such, Defendant District is entitled to dismissal of Plaintiff's state law claims under the GTCA. Furthermore, Sections 153 and 163(C) of the Act make clear that the state or subdivision will be liable for any losses resulting from torts of its employees acting within the scope of their employment. Section 163(C) specifically states that an employee acting within the scope of his employment shall not be named as a defendant. Plaintiff's claims against the individual school district Defendants are clearly claims arising while acting in their official capacities, and in light of the clear dictate of the

statute, Plaintiff's state tort claims against Defendants Springer, Bailey, Tompkins, Davis and VanTrease are dismissed.

Finally, the Court notes that Plaintiff may not recover punitive damages from the District, which is immune pursuant to Oklahoma Stat. tit. 51 § 154(B) with regard to state law claims. With regard to any 42 U.S.C. § 1983 claim, punitive damages are similarly unavailable. *See Dill v. City of Edmond, 155 F.3d 1193, 1210 (10th Cir. 1998).*

For the reasons set forth herein, the Defendants' motion to dismiss, Doc. No. 29 is hereby GRANTED.

IT IS SO ORDERED this 13th day of January, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE