# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUBYE L. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-930-R |
| | ) | |
| OKLAHOMA CITY PUBLIC | ) | |
| SCHOOLS, et al., | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants Ed Allen, Karen Patten and Anthony DeGiusti. (Doc. No. 32). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

These individual Defendants are apparently employed by or otherwise affiliated with the Local 2309 of the American Federation of Teachers. Plaintiff has sued these persons in their individual and "professional" capacities. Defendant construes this as an attempt to plead official capacity claims, such as in a § 1983 action against a governmental actor, wherein a claim against an individual in his official capacity is the same as a claim against his employer. In response, Plaintiff states that "this case is against all defendants in their <u>individual</u> and <u>professional</u> capacities, <u>not</u> "official" capacity as so noted in Defendants's Motion to Dismiss." Response, p. 4. As such, the Court will construe these claims as seeking relief from the individuals for alleged deficiencies in their professional performance, but not as claims against Local 2309 under the theory that an action against a person in his official capacity is in reality an action against the entity for which the person works, a theory

generally limited to governmental employees and employers. Accordingly, because the Court cannot conceive of any other significance to naming these persons in their professional capacity, such claims are hereby dismissed.

Movants also seek dismissal of Plaintiff's 42 U.S.C. § 1983 claims, asserting that Plaintiff has failed to allege that they acted under color of state law, which indeed she cannot do, because they are private actors. Liability under 42 U.S.C. § 1983 extends only to state actors, and the complaint in this action is devoid of sufficient allegations "that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (quoting *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir.1987)). Furthermore, Plaintiff has failed to sufficiently allege facts to support an alleged conspiracy under 42 U.S.C. § 1985, and as a result, both her § 1985 and § 1986 claims fail. Conclusory allegations of collusion are insufficient to support Plaintiff's claims.

With regard to Title VII, there are no allegations that any of the individual Union Defendants took any action toward or with regard to Plaintiff on the basis of her race. Furthermore, there is no individual liability under Title VII for union officials attorneys. *See Burrell v. Henderson*, 483 F.Supp.2d 595, 600 (S.D.Ohio 2007). The same holds true for Plaintiff's ADEA claim. While she alleges that Defendant Patten stated she should consider retirement because of her age, there is no basis for individual liability of representatives of a labor organization. *Id.* As such movants are entitled to dismissal of Plaintiff's Title VII and

2

ADEA claims.

Finally, with regard to Plaintiff's Counts IV and V, which she describes as failure to adequately train and supervise "Principals, Gov. Staff & Reps." and failure to discipline or take necessary corrective action, the Court finds no basis in her allegations for extending such claims, to the extent they exist, to the individual movants herein. Again, despite Plaintiff's contention that she has presented prima facie evidence to support her theories of liability, her complaint at best briefly mentions the above-defendants and the allegations are simply insufficient to establish any basis of liability.

For the reasons set forth herein, the motion to dismiss filed by Defendants Ed Allen, Karen Patten and Anthony DeGiusti is hereby GRANTED.

IT IS SO ORDERED this 13th day of January, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE