# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RUBYE L. HARRINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-14-930-R |
| | ) | |
| **OKLAHOMA CITY PUBLIC** | ) | |
| **SCHOOLS, et al.,** | ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motions for Entry of Default, wherein she sought default judgment against the following Defendants: Holly Waldron Cole (Doc. No. 46); Equal Employment Opportunity Commission (EEOC) (Doc. No. 47); James Habas (Doc. No. 48); Throy Hollis (Doc. No. 49); Tamra R. James (Doc. No. 50); Marilyn Koshiway (Doc. No. 51). Defendants filed a joint response to the motions (Doc. No. 54) and Plaintiff filed a reply (Doc. No. 56), as well as a response to the Entry of the appearance filed by Rebecca Frazier, Assistant United States Attorney, on behalf of the EEOC and its employees (Doc. No. 57). For the reasons set forth herein, the Motions for Entry of Default are DENIED.

Plaintiff contends in each of the motions for entry of default that she properly served both the EEOC and its employees, who are sued both individually and in their official capacities. It appears, however, that Plaintiff attempted service by delivering a copy of process via process server to Patty White at the EEOC offices in Oklahoma City, Oklahoma.

As noted by Defendants, however, Rule 4(i) of the Federal Rules of Civil Procedure, provides:

> (I) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>> (1) United States. To serve the United States, a party must:
>>> (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>> (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

It is apparent from Plaintiff's filings that she has not properly served these Defendants in light of these rules, and therefore, her requests for the entry of default as set forth above are hereby DENIED.

IT IS SO ORDERED this 13th day of January, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE